627 A.2d 261

**Stephanie SALADA, Appellant**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

**Richard SALADA, Appellant**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1993.

Decided June 18, 1993.

Edward L. Miller, for appellants.

Robert G. Borgoyn, Jr., Asst. County Sol.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Richard Salada and Stephanie Salada (Saladas) appeal from orders of the Court of Common Pleas of Allegheny County (trial court) denying their post-verdict motions and adjudging them each guilty of violating an Allegheny County Health Department (Health Department) regulation.

The Saladas are the owners of a parcel of property in Marshall Township, Allegheny County. A district justice found each of them guilty of violating Health Department regulation, Article XIV, Sewage Disposal, section 1404.6, which requires the owners of property to connect with an accessible public sewer system. They sought a trial *de novo* in the trial court and that trial was held on April 4, 1990.

Without either Richard or Stephanie Salada being present, the trial court, by order of August 3, 1990, found each of them guilty and sentenced each to pay a fine of $100.00. After the Saladas received notification of the guilty verdicts, they filed

post-verdict motions. Following oral argument, the trial court on October 26, 1990, denied the post-verdict motions. The Saladas appealed to this court on November 11, 1990.

After oral argument, this court per memorandum opinion and order dated November 26, 1991, vacated the Saladas' sentences and remanded each case back to the trial court for resentencing in accordance with the Pennsylvania Rules of Criminal Procedure. 143 Pa.Commonwealth Ct. 697, 599 A.2d 1024. On December 17, 1991, the trial court resentenced the Saladas to each pay an increased fine of $300.00 and costs. On January 14, 1992, the Saladas filed a timely appeal of the trial court's orders with this court. By order of this court, the appeals were consolidated on January 24, 1992.

The Saladas raise the following issues on appeal:

1.   Whether the Health Department has standing to bring this action;

2.   Whether the Health Department's rules and regulations as to the tap-ins and exceptions thereto are void for vagueness and, therefore, unconstitutional;

3.   Whether Marshall Township Ordinance 140, passed pursuant to the Second Class Township Code, has been preempted by the Pennsylvania Sewage Facilities Act;

4.   Whether the rules and regulations of the Health Department are preempted by the Second Class Township Municipal Code;

5.   Whether the repeal of Ordinance 140 affects the rights of the Saladas already established under the Special Available For Use Permit issued to them;   and

6.   Whether the record of the administrative hearings of the Health Department are relevant and material.

## STANDING

The Saladas argue that the Health Department lacks standing to bring this action under the Pennsylvania Sewage

Facilities Act[1] or otherwise, since jurisdiction in the area of sewer tap-in enforcement is clearly delegated to Marshall Township. We disagree.

The Health Department has standing to bring this action against the Saladas under the Local Health Administration Law.[2] Section 5 of the Local Health Administration Law authorizes the creation of county health departments such as the Allegheny County Health Department. 16 P.S. § 12005.

Pursuant to an established county health department's powers and duties, it is mandated by the Local Health Administration Law that the county health departments make and enforce such rules and regulations as may be necessary for the promotion and preservation of the public health. 16 P.S. § 12010. This rule making power conferred upon an established county health department is exercised by the county board of health by formulating rules and regulations for the prevention of disease, for the prevention and removal of conditions which constitute a menace to health, and for the promotion and preservation of the public health generally. 16 P.S. § 12011.

Accordingly, under the Local Health Administration Law, the Health Department had the authority to promulgate valid regulations to protect the public health, such as the regulation of which the Saladas were found guilty by the trial court. The Health Department's regulation, Article XIV, Sewage Disposal, section 1404.6, provides as follows:

It shall be unlawful to continue the use of a private system on any piece or parcel of ground abutting on, contiguous to, or reasonably accessible to any public sewer. The Director shall issue notices giving up to ninety (90) days to discontinue the use of such private system and to connect to a public sewer.

1. Act of January 24, 1966, P.L. (1965) 1535, *as amended,* 35 P.S. §§ 750.1–750.20.

2. Act of August 24, 1951, P.L. 1304, *as amended,* 16 P.S. §§ 12001–12028.

Under section 13, the jurisdiction of an established county health department extends to all townships of the second class, such as Marshall Township. 16 P.S. § 12013. It shall be a summary offense for any person who violates any of the rules or regulations of a county health department with fines ranging from $30.00 to $300.00 if convicted of a violation. 16 P.S. § 12027. Therefore, the Health Department had the authority to pursue a criminal action against the Saladas for their failure to connect to any public sewer abutting on, contiguous to, or reasonably accessible to their property.

However, the Saladas argue that the enforcement of sewer tap-ins is delegated to Marshall Township pursuant to section 1501(a) of the Second Class Township Code.[3] Section 1501(a) provides that a township "may establish and construct a system of sewers and drainage" and "may permit and, where necessary for the public health, require adjoining and adjacent property owners to connect with and use the same." 53 P.S. § 66501(a).

To buttress their argument, the Saladas point out to this court that Marshall Township, in accordance with its legislative authority under section 1501(a) of the Second Class Township Code, passed Ordinance 140 authorizing the Saladas to elect not to tap-in to the public sewer.[4] The record in this

3. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 66501.
4. Marshall Township Ordinance 140 was enacted into law on February 4, 1981 and, in part, provides:

   Section I. That, except as provided in Sections II and VIII, every owner of property located in the Brush Creek Drainage Area of the Township of Marshall ... whose property is accessible to any public sanitary sewer constructed or to be constructed in said area ... and whose principle building is within one hundred fifty (150) feet from such sewer system, shall make connection therewith ...

   Section II. That any person ... who on the effective date of this Ordinance shall be the owner of property upon which the principal building is located within 150 feet of a public sanitary sewer ... and has not been connected to such sewer system, may, but shall not be required to make connection therewith and use such sewer system, but each owner who shall elect not to make such connection shall nevertheless be required to make proper application for and receive a special available for use permit from the Marshall Township Municipal Sanitary Authority within sixty (60) days from the date such owner receives written notice from the Township.

case reveals that Ordinance 140 was later repealed by Marshall Township.

It is clear from section 1501(a) that a second class township such as Marshall Township has the authority to construct public sewer systems and may permit or require a property owner to connect to a sewer system for the protection of public health. But it is also clear that section 1501(a) was not enacted to override the authority of an established county health department to enforce valid regulations promulgated for the protection of the public health. There is no language in the Second Class Township Code that gives property owners a right to continue to use private sewage disposal systems if such systems violate valid rules and regulations of an established county health department.

Section 1501(a) allows *all* second class townships in the Commonwealth to require connections to a public sewer to protect the public health. If a local county health department exists, that health department is also empowered under the Local Health Administration Law with the authority to deal with issues relating to the public health in second class townships. 16 P.S. § 12013. There are no exemptions in the Local Health Administration Law or the Second Class Township Code that limit a county health department's jurisdiction over second class townships where sewer connections are concerned. Therefore, the regulation promulgated by the Health Department prohibiting the use of a private sewer system when connection to a public sewer system is feasible in no way conflicts with or usurps the powers of second class townships under section 1501(a) of the Second Class Township Code.

The Saladas argue further that the Health Department does not have standing under the Pennsylvania Sewage Facilities Act to bring this action. A reading of the act, the Saladas argue, indicates that the Health Department has jurisdiction to administer section 7[5] of the act which only governs permit applications, denials, limitations, revocations, and expirations

5. 35 P.S. § 750.7.

and not the authority of the Health Department to require adjoining landowners to connect with public sewer systems.

Whether the Health Department has jurisdiction under the Pennsylvania Sewage Facilities Act to bring this action is inapplicable here, because the actions brought against the Saladas by the Health Department did not arise from a violation of the Pennsylvania Sewage Facilities Act. The initial criminal complaints sworn out against the Saladas by the Health Department accuse the Saladas of violating Allegheny County Health Department Rules and Regulations, Article XIV, Sewage Disposal, section 1404.6, by having a sewage system that was not connected to the accessible public sewer.

Accordingly, the Health Department had standing under the Local Health Administration Law to bring an action against the Saladas for violations of the Health Department's rules and regulations.

## UNCONSTITUTIONALITY OF REGULATIONS BASED ON VAGUENESS

■ Next, the Saladas argue that the Health Department's regulation, Article XIV, section 1404.6, is void for vagueness and thus unconstitutional. We agree.

"To satisfy constitutional requirements laws must 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited,' and, in order to prevent the evil of arbitrary enforcement, laws must 'provide explicit standards for those who apply them.'" *Pennsylvania Bar Association v. Commonwealth,* 147 Pa.Commonwealth Ct. 351, 368, 607 A.2d 850, 858 (1992) (quoting *Grayned v. City of Rockford,* 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972)). The Saladas contend that since the term "reasonably accessible" is not defined in Health Department regulations, the Health Department is free to define the word "accessible" however it wishes, on a case by case basis, without any set standard whatsoever for the public.

Article XIV, section 1404.6 of the Health Department regulations provides that "it shall be unlawful to continue the use of a private system on any piece or parcel of ground abutting on, contiguous to, or reasonably accessible to any public sewer." The Saladas were accused in the criminal complaints filed with the district justice by the Health Department of not connecting to the "accessible public sewer."

Mr. Ronald Reisnear, an environmental engineer employed by the Health Department, testified before the trial court that if a dwelling is located within 150 feet of a public sewer the dwelling is considered accessible. However, the distance of 150 feet referred to by Mr. Reisnear is not contained in Article XIV of the Health Department regulations. Mr. Reisnear testified that the distance of 150 feet is just a guideline ascertained from the plumbing code and that residences within the 150 feet may not be accessible due to certain exceptions such as elevation and solid rock.

It is clear that section 1404.6 of the Health Department's regulation governing sewage disposal does not provide the employees charged with applying the regulation explicit standards with which to enforce the regulation. From the testimony of Mr. Reisnear, it is "possible" that a dwelling may not be accessible to a public sewer even if the structure is located within 150 feet of the sewer. However, these possibilities testified to by Mr. Reisnear are not set forth in section 1404.6 of the regulation. Therefore, section 1404.6 is susceptible to the evil of arbitrary enforcement.

Furthermore, it is impossible for a property owner to determine from the regulation what is considered accessible so as to avoid violating section 1404.6 of Article XIV of the Health Department regulations. Therefore, this court finds that section 1404.6 of Article XIV of the Health Department's regulations is unconstitutionally vague.[6]

Accordingly, the orders of the trial court denying the Saladas' motions for arrest of judgment are reversed and the

6. Based on our resolution of the Saladas' first two issues, it is not necessary for this court to address the remaining issues of this case.

orders of the trial court adjudging Richard Salada and Stephanie Salada guilty of violating section 1404.6 are reversed.

## ORDER

NOW, this 18th day of June, 1993, the October 26, 1990 and December 17, 1991 orders of the Court of Common Pleas of Allegheny County, at Nos. SA 526 and 527 of 1988, are reversed.